UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                          Chapter 13

York E. Banks and                                               Case No. 16-53113
Andrea Banks, f/k/a Andrea Massey,
                                                                Hon. Phillip J. Shefferly
      Debtors.
_____/

### ORDER AWARDING DAMAGES AND ATTORNEYS' FEES
### FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

On September 22, 2016, the Debtors filed this Chapter 13 case. On their schedule A/B, the Debtors listed ownership of a 2005 Volvo ("Vehicle"). On October 7, 2016, the Debtors filed a motion ("Motion") (ECF No. 15) to compel the turnover of the Vehicle and for an award of damages and attorney fees for willful violation of the automatic stay of § 362 of the Bankruptcy Code. The Motion alleges that: Cavalry SPV I LLC ("Cavalry") is a judgment creditor of the Debtors; Cavalry and/or its agents repossessed the Vehicle prior to the filing of this bankruptcy case and currently remain in possession of the Vehicle; counsel for the Debtors made a number of attempts to obtain the release of the Vehicle from various individuals who are working with Cavalry, including Allen & Hope Processing, Deputy Charles Lewis, and the Stillman Law Office; and Cavalry and the other parties named in the Motion refused to release the Vehicle despite having actual knowledge of the bankruptcy case. The Motion requests an order directing all of the parties named in

the Motion to immediately return the Vehicle and awarding the Debtors damages and attorney fees.

On October 27, 2016, the Debtors filed a certificate of no response to the Motion and submitted a proposed order for entry. After reviewing the Motion, the Court declined to enter the proposed order submitted by the Debtors, but instead decided to enter its own order granting some of the relief requested by the Motion, but scheduling a further hearing with regard to the remaining relief requested by the Motion.

On November 1, 2016, the Court entered an Order (1) Requiring Turnover of Vehicle to the Debtors; and (2) Scheduling Hearing Regarding Damages Requested by the Debtors ("Order"). The Order found that the Vehicle is property of the Debtors' bankruptcy estate; any actions to exert control over the Vehicle, including refusing to release possession of the Vehicle to the Debtors, constitute acts in violation of the automatic stay of § 362(a) of the Bankruptcy Code; and that the Debtors are entitled to an immediate release of the Vehicle to them. The Order directed Cavalry and the other parties named in the Motion to immediately turn over the Vehicle to the Debtors. The Order also scheduled a hearing to take place on November 14, 2016 at 3:00 p.m. to consider the Debtors' request for damages and attorney fees.

Even though Cavalry and the other parties named in the Motion did not respond to the Motion within the time permitted by rule, the Order required the Debtors to serve the Order on Cavalry and all other parties named in the Motion and file a certificate of service evidencing same. The Order did so to ensure that all parties against whom the Debtors were seeking monetary relief had adequate notice of the hearing and of the Debtors' request for

monetary relief against them. On November 7, 2016, the Debtors filed a certificate of service stating that they served the Order on the attorney for Cavalry, the Stillman Law Office, Allen & Hope Processing, and Deputy Charles Lewis.

On November 14, 2016, the Court held the hearing scheduled by the Order. The Debtors appeared through counsel. Neither Cavalry nor any of the other parties named in the Motion appeared at the hearing. The Debtors informed the Court that the Vehicle was returned to them on October 24, 2016. The Debtors requested that the Court find that the refusal of Cavalry and the other parties named in the Motion to release the Vehicle for more than a month after the Debtors' bankruptcy case was filed, constitutes a willful violation of the automatic stay. The Debtors requested damages in the amount of $1,082.14 for the cost of a rental car, and attorney fees in the amount of $540.00 for prosecuting the Motion. In support of the damages request, the Debtors provided the Court with a statement from Enterprise Car Rental showing that they had expended $1,082.14 for a rental car from September 30, 2016 through October 28, 2016. As for the attorney fees, the Debtors advised the Court that the $540.00 represented the hourly charges incurred in prosecuting the Motion.

Section 362(k)(1) of the Bankruptcy Code provides that an individual injured by any willful violation of the automatic stay shall recover actual damages, including costs and attorney fees and, in appropriate circumstances, may recover punitive damages. After reviewing the undisputed allegations made by the Debtors in the Motion, as supplemented on the record at the hearing on November 14, 2016, the Court finds that neither Cavalry nor its attorneys, Stillman Law Office, willfully violated the automatic stay. They did not have possession of the Vehicle post-petition, and they did not refuse to return the Vehicle.

However, the same is not true with respect to Allen & Hope Processing and Deputy Charles Lewis. It is undisputed that together they did have possession of the Vehicle when the Debtors filed this bankruptcy case on September 22, 2016, and that they both refused to return the Vehicle to the Debtors until October 24, 2016 despite the fact that they had actual knowledge of the Debtors' bankruptcy case. The Court finds that their refusal to return the Vehicle to the Debtors, knowing that the Debtors had filed a bankruptcy case, constitutes a willful violation of the automatic stay under § 362(a). "[A] 'willful violation' [does] not require proof of a specific intent to violate the stay, but rather an intentional violation by a party aware of the bankruptcy filing. . . . A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." TranSouth Financial Corp. v. Sharon (In re Sharon), 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (citations omitted).

The Court finds that Andrea Banks was injured by the willful violation of the automatic stay by Allen & Hope Processing and Deputy Charles Lewis. Andrea Banks had to expend $1,082.14 to rent a car so that she would have transportation because she did not have the Vehicle, and because Allen & Hope Processing and Deputy Charles Lewis had refused to return it to her. The Court finds that Andrea Banks is entitled to an award of damages. Further, the Court finds that Andrea Banks is entitled to an award of attorney fees under § 362(k)(1) for prosecuting the Motion.

Accordingly, for the reasons set forth on the record at the hearing on November 14, 2016,

- 4 -

16-53113-pjs    Doc 29    Filed 11/16/16    Entered 11/16/16 11:16:59    Page 4 of 5

**IT IS HEREBY ORDERED** that Allen & Hope Processing and Deputy Charles Lewis are both found to have willfully violated the automatic stay of § 362(a) by their refusal to return the Vehicle.

**IT IS FURTHER ORDERED** that judgment is entered in favor of the Debtor, Andrea Banks, and against Allen & Hope Processing and Deputy Charles Lewis, jointly and severally, in the total amount of $1,622.14 (representing damages for the cost of the rental car and representing attorney fees incurred in prosecuting the Motion). Interest shall accrue thereon at the applicable rate provided by law.

**IT IS FURTHER ORDERED** that this judgment may be enforced against Allen & Hope Processing and Deputy Charles Lewis, jointly and severally, pursuant to Fed. R. Bankr. P. 7069.

**Signed on November 16, 2016**

                                                          /s/ Phillip J. Shefferly
                                                          **Phillip J. Shefferly**
                                                          **United States Bankruptcy Judge**